UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| THURSTON McCUTCHEN, et al. | § § § | |
| Plaintiff, | § | |
| v. | § § | CIVIL ACTION NO. |
| ROWHGER COMPANY; | § | |
| NU VU FARMS, INC.; | § | SA-06-CV-0987 OG (NN) |
| KAY ROBOHM; | § | |
| AVIS ROBOHM; | § | |
| WHARTON CAPITAL CORP.; | § | |
| ROGER WELLS, Individually and as | § | |
| Trustee of the Rowhger Company, | § § | |
| Defendants. | § | |
| | § | (Consolidated with |
| EVERETT MICHAEL HOBBS, | § | SA-07-CV-0798) |
| | § | |
| Plaintiff, | § § | |
| v. | § § | |
| THE ROWHGER COMPANY, A Trust; | § | |
| NU VU FARMS, INC.; | § | |
| KAY ROBOHM; | § | |
| JAMES WALKER; | § | |
| DAVID GRAMS; and | § | |
| ROGER WELLS, Individually and as | § | |
| Trustee of the Rowhger Company, | § § | |
| Defendants. | § | |

## SHOW ORDER

The purpose of this order is to direct plaintiffs Thurston McCutchen in Cause No. SA-06-CA-987 and Everett Michael Hobbs in Cause No. SA-07-CV-798 to show cause why the district court has jurisdiction over these consolidated cases. I have jurisdiction to enter this order under 28 U.S.C. § 636(b) and the district court's order referring all pretrial matters to me for

disposition by order or to aid the district court by recommendation where my authority as a magistrate judge is statutorily constrained.[1]  After my review of the pleadings in this case, I question whether the district court has subject-matter jurisdiction in these cases.

When McCutchen filed his complaint in Cause No. SA-06-CA-987, he stated that the court's jurisdiction was based on diversity jurisdiction.[2]  For diversity jurisdiction to exist, the parties must be completely diverse—that is, no plaintiff is a citizen of the same state as any defendant.[3]  McCutchen identified himself and defendants Nu Vu Farms, Inc., Kay Robohm, Avis Robohm, and Wharton Capitol Corporation as citizens of Texas.  Even though McCutchen identified defendants Rowhger Company and Roger Wells as citizens of Nebraska, those defendants' citizenship alone does not establish a basis for federal court jurisdiction because plaintiff McCutchen is a citizen of the same state as defendants Nu Vu Farms, Inc., Kay Robohm, Avis Robohm, and Wharton Capitol Corporation.  Thus, it appears the court has no subject-matter jurisdiction in Cause No. SA-06-CA-987.

Plaintiff Hobbs originally filed the complaint in Cause No. SA-07-CV-798 in state court, but defendant Roger Wells removed the case from the 285th Judicial District, Bexar County, Texas to federal court, asserting that complete diversity exists.[4]  Hobbs's complaint, however, identifies himself and defendants Nu Vu Farms, Inc., Kay Robohm, and James Walker as citizens

---

[1] *See* Cause No. SA-06-CV-987, docket entry # 41.

[2] *See* Cause No. SA-06-CA-987, docket entry # 1, ¶ 11.

[3] *See* 28 U.S.C. § 1332(a)(1); *Aetna Cas. & Surety Co. v. Hillman*, 796 F.2d 770, 773 (5th Cir. 1986) ("Since the early 1800s, United States courts have construed the requirement for diversity to mean that all plaintiffs must have a different citizenship from all defendants.").

[4] *See* Cause No. SA-07-CA-798, docket entry # 1, ¶ 3.

of Texas.  Although Hobbs also identified Rowhger Company, David Grams, and Roger Wells as citizens of Nebraska, those defendants' citizenship alone does not establish a basis for federal court jurisdiction because Hobbs is a citizen of the same state as defendants Nu Vu Farms, Inc., Kay Robohm, and James Walker.  Thus, it appears the court has no subject-matter jurisdiction in Cause No. SA-07-CV-798.[5]

A federal court must dismiss a case at any time if it determines it lacks subject-matter jurisdiction.[6]  Accordingly, plaintiffsMcCutchen in Cause No. SA-06-CA-987 and Hobbs in Cause No. SA-07-CV-798 are ORDERED to respond to this order in writing by April 30, 2008 and show cause why the court has jurisdiction over their respective cases.  If McCutchen fails to respond to this order by that date, I will recommend to the district judge that Cause No. SA-06-CA-987 be dismissed for lack of subject-matter jurisdiction and for failure to comply with an order of the court.  If Hobbs fails to respond to this order by that date, I will either recommend to the district judge that Cause No. SA-07-CV-798 be dismissed for failure to comply with an order of the court or be remanded to the 285th Judicial District, Bexar County, Texas.

**SIGNED** on April 14, 2008.

_____
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE

---

[5]In addition, Wells's notice of removal does not indicate that all defendants joined in the removal as required by 28 U.S.C. § 1446(a).  *See Tri-Cities Newspapers, v. Tri-Cities Printing Pressmen and Assistants' Local 349*, 427 F.2d 325, 326-27 (5th Cir. 1970) ("The law is clear that under 28 U.S.C. § 1446(a), removal procedure requires that all defendants join in the removal petition.").

[6]*See* Fed. R. Civ. P. 12(h)(3).