UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| THURSTON McCUTCHEN, et al. | § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. |
| ROWHGER COMPANY; | § | |
| NU VU FARMS, INC.; | § | SA-06-CV-0987 OG (NN) |
| KAY ROBOHM; | § | |
| AVIS ROBOHM; | § | |
| WHARTON CAPITAL CORP.; | § | |
| ROGER WELLS, Individually and as | § | |
| Trustee of the Rowhger Company, | § § | |
| Defendants. | § | |
| | § | (Consolidated with |
| EVERETT MICHAEL HOBBS, | § | SA-07-CV-0798) |
| Plaintiff, | § § | |
| v. | § § | |
| THE ROWHGER COMPANY, A Trust; | § | |
| NU VU FARMS, INC.; | § | |
| KAY ROBOHM; | § | |
| JAMES WALKER; | § | |
| DAVID GRAMS; and | § | |
| ROGER WELLS, Individually and as | § | |
| Trustee of the Rowhger Company, | § § | |
| Defendants. | § | |

**ORDER FOR SUPPLEMENTAL BRIEFING**

The purpose of this order is to direct defendant Roger Wells to file supplemental briefing with authority and state court documents to support the arguments he advanced about why federal court jurisdiction exists over plaintiff Everett Hobbs's claims. Previously, I directed the plaintiffs to show cause why the district court has jurisdiction over these consolidated cases.

Plaintiff Hobbs responded and stated that federal jurisdiction doesn't exist because Cause No. SA-07-CV-798 does not involve a federal question and the parties are not diverse.[1] Wells replied to Hobbs's response and asserted that jurisdiction exists because he was the only active defendant who had been served when he removed Cause No. SA-07-CV-798.[2] Wells stated that a default judgment was entered against defendant David Grams on or about January 25, 2007, and against defendant Nu Vu Farms on or about April 30, 2007. Wells also stated that defendants The Rowhger Company, Kay Robohm, and James Walker had not been served when he removed this case.

Nothing in the state court papers attached to the notice of removal supports Wells's assertions. Although 28 U.S.C. § 1446(a) requires a removing defendant(s) to attach "a copy of all process, pleadings, and orders served upon such defendant or defendants in [the removed] action"[3] to the notice of removal, Wells attached only Hobbs's complaint and a citation naming Wells with the notice of removal.[4] In addition, Wells set forth no legal authority to support his position that diversity jurisdiction is based on the number of live defendants.[5] Because he bears

---

[1] *See* docket entry #44.

[2] Docket entry # 46.

[3] 28 U.S.C. § 1446(a).

[4] *See* docket entry # 2 in Cause No. SA-07-CV-98.

[5] *See New York Life Ins. Co. v. Deshotel*, 142 F.3d 873, 883 (5th Cir. 1998) ("A non-resident defendant cannot remove an action if the citizenship of any co-defendant, joined by the plaintiff in good faith, destroys complete diversity, regardless of service or non-service upon the co-defendant. Whenever federal jurisdiction in a removal case depends upon complete diversity, the existence of diversity is determined from the fact of citizenship of the parties named and not from the fact of service.").

the burden of establishing federal jurisdiction,[6] I direct Wells to file a supplemental brief that includes (1) state court papers supporting the factual assertions contained in his notice of removal, and (2) legal authority supporting his argument supporting jurisdiction. The supplemental brief is due on May 30, 2008.

**SIGNED** on May 22, 2008.

_____
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE

---

[6]*See Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 365 (5th Cir. 1995).