UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| THURSTON McCUTCHEN, et al. | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | |
| | § | CIVIL ACTION NO. |
| ROWHGER COMPANY; | § | |
| NU VU FARMS, INC.; | § | SA-06-CV-0987 OG (NN) |
| KAY ROBOHM; | § | |
| AVIS ROBOHM; | § | |
| WHARTON CAPITAL CORP.; | § | |
| ROGER WELLS, Individually and as | § | |
| Trustee of the Rowhger Company, | § | |
| | § | |
| Defendants. | § | |
| | § | (Consolidated with |
| EVERETT MICHAEL HOBBS, | § | SA-07-CV-0798) |
| | § | |
| Plaintiff, | § | |
| v. | § | |
| | § | |
| THE ROWHGER COMPANY, A Trust; | § | |
| NU VU FARMS, INC.; | § | |
| KAY ROBOHM; | § | |
| JAMES WALKER; | § | |
| DAVID GRAMS; and | § | |
| ROGER WELLS, Individually and as | § | |
| Trustee of the Rowhger Company, | § | |
| | § | |
| Defendants. | § | |

**REPORT AND RECOMMENDATION**

This report and recommendation recommends dismissal of Cause No. SA-06-CV-987 and remand of Cause No. SA-07-CV-798. I have jurisdiction to enter this order under 28 U.S.C. § 636(b) and the district court's order referring all pretrial matters to me for disposition by order or to aid the district court by recommendation where my authority as a magistrate judge is

statutorily constrained.[1]  The reasons for my recommendations follow.

## Procedural Background

Cause No. SA-06-CV-987 and Cause No. SA-07-CV-798 were consolidated on December 13, 2007.[2]  The cases were referred to me on March 31, 2008.[3]  After reviewing the complaints in the cases, I questioned whether the district court has subject-matter jurisdiction.  I issued a show cause order directing plaintiff Thurston McCutchen in Cause No. SA-06-CA-987 and plaintiff Everett Micahel Hobbs in Cause No. SA-07-CV-798 to show cause why the court has jurisdiction over their respective cases.[4]  After reviewing the parties' responses to my show cause order, I determined that the district court lacks subject matter jurisdiction.

## Cause No. SA-06-CA-987

McCuthen filed the complaint in Cause No. SA-06-CA-987 in federal court on November 13, 2006.[5]  In the complaint, McCutchen stated that the court's jurisdiction was based on diversity jurisdiction.[6]  McCutchen identified himself and defendants Nu Vu Farms, Inc., Kay Robohm, Avis Robohm, and Wharton Capitol Corporation as citizens of Texas.  He identified defendants Rowhger Company and Roger Wells as citizens of Nebraska.  For diversity jurisdiction to exist, the parties must be completely diverse—that is, no plaintiff is a citizen of

---

[1]*See* Cause No. SA-06-CV-987, docket entry # 41.

[2]Docket entry # 24.

[3]Docket entry # 41.

[4]Docket entry # 42.

[5]Docket entry # 1.

[6]*See* Cause No. SA-06-CA-987, docket entry # 1, ¶ 11.

the same state as any defendant.[7]  Even though McCutchen identified defendants Rowhger Company and Roger Wells as citizens of Nebraska, those defendants' citizenship alone does not establish a basis for federal court jurisdiction because plaintiff McCutchen is a citizen of the same state as defendants Nu Vu Farms, Inc., Kay Robohm, Avis Robohm, and Wharton Capitol Corporation.  That is, the parties are not completely diverse.

In response to my show cause order, Thurston did not address the issue of diversity of citizen.  Instead, McCutchen stated that the parties had agreed to remand  Cause No. SA-06-CA-987 to the 285th District Court, Bexar County, Texas,[8] although I warned McCutchen about the absence of authority to remand his case.[9]  Because diversity jurisdiction does not exist, the district court should dismiss Cause No. SA-06-CA-987 for lack of jurisdiction.[10]  Despite any purported agreement between the parties to do otherwise, no authority permits the district court to remand a case filed in federal court to state court.

### Cause No. SA-07-CV-798

Plaintiff Hobbs originally filed the complaint in Cause No. SA-07-CV-798 in the 285th Judicial District, Bexar County, Texas.  Defendant Roger Wells removed the case to federal court

---

[7]*See* 28 U.S.C. § 1332(a)(1); *Aetna Cas. & Surety Co. v. Hillman*, 796 F.2d 770, 773 (5th Cir. 1986) ("Since the early 1800s, United States courts have construed the requirement for diversity to mean that all plaintiffs must have a different citizenship from all defendants.").

[8]*See* docket entry #s 54 & 58.

[9]*See* docket entry # 55.

[10]A federal court must dismiss a case at any time if it determines it lacks subject-matter jurisdiction.  Fed. R. Civ. P. 12(h)(3).

on October 4, 2007, asserting that complete diversity exists.[11]  Hobbs's complaint identified himself and defendants Nu Vu Farms, Inc., Kay Robohm, and James Walker as citizens of Texas. Hobbs identified Rowhger Company, David Grams, and Roger Wells as citizens of Nebraska. For diversity jurisdiction to exist, the parties must be completely diverse.[12] Although Hobbs identified Rowhger Company, David Grams, and Roger Wells as citizens of Nebraska, those defendants' citizenship alone does not establish a basis for federal court jurisdiction because Hobbs is a citizen of the same state as defendants Nu Vu Farms, Inc., Kay Robohm, and James Walker.

Hobbs responded to my show cause order, agreed that subject matter does not exist, and asked for attorney fees incurred in litigating this case in federal court.[13]  Wells replied to Hobbs's response and asserted that diversity jurisdiction exists because Wells was the only active defendant when he removed Cause No. SA-07-CV-798.  Wells further asserted that the state court had entered a default judgment against defendants Grams and Nu Vu Farms before the case was removed and that Hobbs has not served defendants Rowhger, Robohm and Walker.

Because nothing in the state court papers attached to the notice of removal supported Wells's assertions, I directed Wells to file a supplemental brief with state court papers supporting the factual assertions contained in the notice of removal.[14]  I also directed Wells to include legal

---

[11]*See* Cause No. SA-07-CA-798, docket entry # 1, ¶ 3.

[12]*See* 28 U.S.C. § 1332(a)(1); *Aetna Cas. & Surety Co. v. Hillman*, 796 F.2d 770, 773 (5th Cir. 1986) ("Since the early 1800s, United States courts have construed the requirement for diversity to mean that all plaintiffs must have a different citizenship from all defendants.").

[13]Docket entry # 44.

[14]Docket entry # 50.

authority supporting his argument about jurisdiction because he had not set forth legal authority to support his position that diversity jurisdiction is based on the number of live defendants. Wells filed a supplemental brief[15] and attached the a copy of the docket entries for the state-court case,[16] showing that Rowhger, Robohm and Walker have not been served. Wells argued that he was free to remove Cause No. SA-07-CV-798 without the consent of the unserved defendants, but he did not explain why the presence of unserved defendants confers jurisdiction in this case.

        Wells's authorities[17]—the Fifth Circuit's opinion in *Smallwood v. Illinois Central Railroad*,[18] the Seventh Circuit's opinion in *Roe v. O'Donohue*,[19] and the Third Circuit's opinion in *Lewis v. Rego Company*[20]—do not control this case. In *Smallwood*, the Fifth Circuit considered the issue of improper joinder of an in-state defendant and federal preemption, not the effect of service on removal.[21] In *Roe*, a federal agency removed the case based on federal-question jurisdiction. Although the court stated that the removing "party may be able to establish that joinder is unnecessary . . . if . . . the non-joining defendant . . . had not yet been served with

---

[15]Docket entry # 57.

[16]*Id*., exh. A.

[17]Docket entry # 57, ¶ 2.03.

[18]385 F.3d 568 (5th Cir. 2004).

[19]38 F.3d 298 (7th Cir. 1994).

[20]757 F.2d 66 (3d Cir. 1985).

[21]*See Smallwood v. Illinois Cent. R.R.*, 385 F.3d 568, 571 (5th Cir. 2004) ("[W]hen a nonresident defendant's showing that there is no reasonable basis for predicting that state law would allow recovery against an in-state defendant equally disposes of all defendants, there is no improper joinder of the in-state defendant.").

process . . .,"[22] the issue in the case was not whether diversity jurisdiction existed. In *Lewis*, diverse defendants removed the case before all defendants were served. The court ultimately determined that the case was properly removed, but the issue in the case was not whether diversity jurisdiction existed.[23]

In determining whether complete diversity exists, the Fifth Circuit does not consider the presence of unserved defendants. "Whenever federal jurisdiction in a removal case depends upon complete diversity, the existence of diversity is determined from the fact of citizenship of the parties named and not from the fact of service."[24] Here, Hobbs named both Texas and Nebraska defendants. Although Texas defendants Robohm and Walker may not have been served at the time of removal, service is irrelevant in determining whether complete diversity exists. The complaint named both diverse and non-diverse defendants. Consequently, complete diversity does not exist. Cause No. SA-07-CV-798 should be remanded.

### Hobbs's Motion for Attorney's Fees

Hobbs requested fees associated with "prosecuting this case following Defendants' removal from State Court. . . ."[25] Hobbs complained that he has been delayed in conducting discovery and getting his case ready for trial, causing him to unnecessarily spend money and delay the case from discovery and trial. "An order remanding [a] case may require payment of

---

[22] *Roe*, 38 F.3d at 301.

[23] *See Lewis*, 757 F.2d at 68-69.

[24] *New York Life Ins. Co. v. Deshotel*, 142 F.3d 873, 883 (5th Cir. 1998).

[25] Docket entry # 44, attached affidavit.

just costs and any actual expenses, including attorney fees, *incurred as a result of the removal*."[26] Costs and expenses *incurred as a result of the removal* includes "a party's costs of opposing removal, seeking remand, and other expenses incurred because of the improper removal. . . ." By contrast, ordinary litigation expenses that would have been incurred had the action remained in state court are not recoverable because such expenses are not incurred "as a result of the removal.'"[27] Hobbs did not oppose removal or not seek remand.  He has not shown that he incurred any expenses because of the removal.  The expenses Hobbs complained about—attempting to conduct discovery, scheduling depositions, seeking discovery— would have been incurred if Cause No. SA-07-CV-798 had remained in state court and thus are not recoverable because such expenses are not incurred because of the removal.  Hobbs is not entitled to attorney's fees.

## Recommendation

The court lacks subject matter jurisdiction in Cause No. SA-06-CV-987 and Cause No. SA-07-CV-798 because parties are not diverse.  The cases do not raise questions of federal law.  Because Cause No. SA-06-CV-987 was filed in federal court, the district court should dismiss the case.  Because Cause No. SA-07-CV-798 was removed from the 285th Judicial District, Bexar County, Texas, the district court should remand the case back to that state court.  Because no basis exists for an award of attorney's fees, the district court should deny Hobbs's request for attorney's fees (docket entry # 44).  If the district court accepts these recommendations, it can deny McCutchen's motion for leave to file electronically (docket entry # 38), McCuthen's

---

[26] 28 U.S.C. § 1447(c) (emphasis added).

[27] *Avitts v. Amoco Prod. Co.*, 111 F.3d 30, 32 (5th Cir. 1997).

motion to remand (docket entry # 58) and Hobbs's motion to file amended pleadings (docket entry # 59) as moot.  The remaining motions (docket entry #s 29, 31, 32, 35 & 39) are appropriately addressed by the state court.

### Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "Filing User" with the Clerk of Court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested.  Written objections to this report and recommendation must be filed within 10 days after being served with a copy of same, unless this time period is modified by the district court.[28]  **Such party shall file the objections with the Clerk of the Court, and serve the objections on all other parties and the Magistrate Judge.**  A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections.  A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court.[29]  Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the

---

[28] 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b).

[29] *Thomas v. Arn*, 474 U.S. 140, 149-152 (1985); *Acuña v. Brown & Root, Inc.*, 200 F.3d 335, 340 (5th Cir. 2000).

district court.[30]

      **SIGNED** on July 2, 2008.

_____
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE

---

[30]*Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).